## Case No. 7,206b.

### JANES v. BUZZARD.

[Hempst. 259.] 1

Superior Court, Territory of Arkansas. July, 1834.

Before JOHNSON, ESKRIDGE, and LACY, JJ.

JOHNSON, Judge. This is a motion to dismiss the appeal made by the appellee [Jacob Buzzard], the plaintiff in the court below, on the ground that the appellant [Massack H. Janes], the defendant in the court below, failed by himself or agent to make the affidavit required by law at the time of taking the appeal. The fifty-fourth section of the statute under the title "Judicial Proceedings," in Geyer's Digest, 261, provides that, "if any person shall feel himself aggrieved by the final decree or judgment given in any of the circuit courts in any cause wherein the matter in dispute exceeds, exclusive of costs, the sum or value of one hundred dollars, it shall and may be lawful for such person at the term in which judgment is given,

1[Reported by Samuel H. Hempstead, Esq.]

to enter his or her appeal to the superior court; provided that no appeal shall be granted to any defendant in actions of debt or in actions upon the case, for note, bill, book account, or assumpsit, unless the defendant or his agent shall make affidavit or affirmation stating that he does not appeal for the purpose of delay or vexation, but that he believes himself aggrieved by the judgment of the inferior court." If the proviso just recited be in force, the motion to dismiss this appeal must prevail, as the appellant made no affidavit or affirmation in the circuit court at the time he prayed the appeal. But it is contended that the proviso requiring the affidavit is repealed by subsequent legislation. Mr. Geyer, the compiler of the Digest, has marked it as repealed by the fifty-fifth section of the same title, and in this he was no doubt correct. But the fifty-fifth section has been subsequently repealed by the fifth section of an act supplementary to the several acts establishing courts of justice, and regulating judicial proceedings, passed December 23, 1818. Pamph. Acts, 36. By the repeal of the fifty-fifth section, all the fifty-fourth section was thereby revived. By the repeal of a repealing statute, the original statute is revived. This principle of the common law is to be found in its earliest records, and is undisputed. The Bishops' Case, 12 Coke, 7; 1 Bl. Comm. 90.

The organic laws of Missouri and this territory have been referred to for the purpose of showing that an appeal is given by these laws, and that it is not competent to the local legislature to restrict the right of appeal. We think it is within the power of the legislature of the territory to prescribe the conditions upon which an appeal may be taken, provided they are not manifestly unreasonable. The condition required in the proviso of the fifty-fourth section, is far from being unreasonable or improper; but, on the contrary, is consistent with the soundest policy.

It is further contended by the counsel for the appellant, that an appeal without affidavit is given by the second section of an act in addition to an act, entitled "An act to amend an act regulating the mode of judicial proceedings in certain cases, and extending certain powers to the general court, passed 21st December, 1818." We are clearly of opinion, after attentive consideration of this act, that it is applicable to chancery suits alone, and not to actions or suits at law. It is the opinion of the court that this appeal must be dismissed, on the grounds of a failure of the appellant to make by himself or his agent the affidavit required by law at the time of praying the appeal. Appeal dismissed.